SUMMARY ORDER

Yi Ji Jiang, a native and citizen of the People’s Republic of China, seeks review of an October 4, 2007 order of the BIA, affirming the May 24, 2005 decision of Immigration Judge (“IJ”) Helen Sichel, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Yi Ji Jiang, No. A77 354 523 (B.I.A. Oct. 4, 2007), aff'g No. A77 354 523 (Immig. Ct. N.Y. City May 24, 2005). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
As an initial matter, despite Jiang’s failure to raise to the BIA his challenge to the agency’s denial of his claims for withholding of removal and CAT relief, we consider such arguments exhausted because the BIA addressed these claims on appeal. See Theodoropoulos v. INS, 358 F.3d 162, 171 (2d Cir.2004); see also Xian Tuan Ye v. DHS, 446 F.3d 289, 296-97 (2d Cir.2006).
When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), such as the adverse credibility determination in this case, we review the IJ’s decision as the final agency determination. See, e.g., Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005); Yu Sheng Zhang v. U.S. Dep’t of Justice, 362 F.3d 155, 159 (2d Cir.2004). When, on remand, the BIA issues an independent decision that does not adopt the decision of the IJ, as with the BIA’s burden of proof finding in this case, we review only the decision of the BIA. Belortaja v. Gonzales, 484 F.3d 619, 623 (2d Cir.2007). We review the agency’s factual findings,' including adverse credibility findings, under the substantial evidence standard, treating them as “conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency’s reasoning or its fact-finding process was sufficiently flawed. Cao He Lin v. U.S. Dep’t of Justice, 428 F.3d 391, 406 (2d Cir.2005).
Upon review of the administrative record, we find that substantial evidence supports the agency’s adverse credibility determination. The IJ properly relied on discrepancies and omissions supported by the record. See Liang Chen v. U.S. Att’y *360 Gen., 454 F.3d 103, 106-107 (2d Cir.2006). For example, during his airport interview, Jiang first claimed that he had been forced to leave China on account of his practice of Falun Gong, but later retracted that statement admitting that he was using Falun Gong as an excuse to remain in the United States. In addition, Jiang provided contradictory statements regarding the length of time he had practiced Falun Gong. While Jiang offered explanations for these discrepancies, no reasonable fact-finder would have been compelled to accept them. See Majidi v. Gonzales, 430 F.3d 77, 81 (2d Cir.2005).
Additionally, in finding Jiang not credible, the IJ appropriately relied on his omission from his airport interview of the fact that his wife had been forcibly sterilized. The IJ reasonably found that Jiang’s failure to mention his wife’s forced sterilization was a substantial omission, particularly where he sought asylum, in part, based on his wife’s purportedly forced sterilization. See Cheng Tong Wang v. Gonzales, 449 F.3d 451, 453-54 (2d Cir.2006); see also Jin Hui Gao v. U.S. Att’y Gen., 400 F.3d 963, 964 (2d Cir.2005).
Moreover, the agency did not err in relying on these discrepancies and omissions even though they arose in the context of Jiang’s statements during an airport interview. We closely examine an airport interview record to ensure that it represents a “sufficiently accurate record” of the applicant’s statements to merit consideration in determining whether the applicant is credible. See Ramsameachire v. Ashcroft, 357 F.3d 169, 179 (2d Cir.2004). In this case, it is clear that the airport interview record provides a sufficiently accurate record where: (1) it is a verbatim transcript of the interview; (2) the questions posed were clearly designed to elicit details of an asylum claim; (3) Jiang did not appear reluctant to provide the inspector with information on account of his experiences in China; and (4) there is no indication that Jiang had any difficulty understanding the questions posed. See id. at 179-80. Moreover, the IJ reasonably declined to credit Jiang’s explanation that he thought the interviewer was a Chinese government official, where Jiang testified that he knew he had been taken to the interviewer’s office by “Americans, in American uniforms, in an American airport” and where the interviewer identified herself as an officer of the United States government. See Majidi, 430 F.3d at 81.
Additionally, contrary to Jiang’s argument, the IJ properly gave diminished weight to his documentary evidence because his documents were not authenticated under 8 C.F.R. § 287.6. While it is error for an IJ to reject documents altogether because they are not authenticated according to the regulations, here, the IJ simply chose to give Jiang’s documents less weight. Cf. Cao He Lin v. U.S. Dep’t of Justice, 428 F.3d 391, 404-05 (2d Cir. 2005) (emphasizing that 8 C.F.R. § 287.6. is not the exclusive means of authenticating records before an IJ). Moreover, the IJ appropriately noted that the U.S. Department of State Profile of Asylum Claims and Country Conditions for China (“Profile”) provided additional support for giving diminished weight to Jiang’s documentary evidence where it detailed widespread fabrication of documents from China. See Tu Lin v. Gonzales, 446 F.3d 395, 400 (2d Cir.2006).
Ultimately, because a reasonable fact-finder would not be compelled to conclude to the contrary, the IJ’s adverse credibility determination with regard to both Jiang’s Falun Gong and family planning claims was supported by substantial evidence. See Corovic, 519 F.3d at 95. Thus, the agency’s denial of asylum and withholding *361 of removal was proper. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
As to the BIA’s finding that Jiang failed to demonstrate a well-founded fear that he would be forcibly sterilized as the father of two children, a review of the evidence in the record reveals that the BIA did not err in concluding that Jiang failed to submit evidence demonstrating that his purported fear of forcible sterilization was objectively reasonable.[1] Because the BIA considered the evidence in the record and reasonably concluded that it did not demonstrate that Jiang has a well-founded fear of forced sterilization, it did not err in finding that he failed to satisfy his burden of proof as to that claim. See Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005) (stating that an applicant’s well-founded fear claim was “speculative at best” when he failed to present “solid support” that he would be subject to forced sterilization).
Finally, Jiang challenges the agency’s denial of his application for CAT relief. We have held that an applicant cannot demonstrate that he is more likely than not to be tortured “based solely on the fact that []he is part of the large class of persons who have left China illegally” and on generalized evidence indicating that torture occurs in Chinese prisons. See Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 159-60 (2d Cir.2005); see also Pierre v. Gonzales, 502 F.3d 109, 118-19 (2d Cir.2007). As Jiang provided no basis for the IJ to conclude that he, or someone in his “particular alleged circumstances,” faces a risk of torture, substantial evidence supports the agency’s denial of his application for CAT relief. See Mu-Xing Wang v. Ashcroft, 320 F.3d 130, 143-44 (2d Cir.2003).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

. In determining that Jiang failed to provide sufficient evidence to show an objectively reasonable fear of future persecution, the BIA relied on its decision in Matter of S-Y-G-, 24 I. & N. Dec. 247 (B.I.A.2007). We have since affirmed that decision. Jian Hui Shao v. Mukasey, 546 F.3d 138, 142-43 (2d Cir.2008).